# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 12-6040
_____

| | |
|---|---|
| In re: | |
| Gary A. Shelton; Elizabeth Dawn Shelton, also known as Dawn Shelton, | |
| Debtors. | |
| Gary A. Shelton; Elizabeth Dawn Shelton | Appeal from the United States Bankruptcy Court for the Eastern District of Arkansas |
| Plaintiff – Appellants | |
| v. | |
| CitiMortgage, Inc. | |
| Defendant – Appellee | |

_____

Submitted: September 6, 2012
Filed: September 24, 2012
_____

KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges
_____

VENTERS, Bankruptcy Judge.

    The Debtors appeal the bankruptcy court's order granting Defendant CitiMortgage, Inc.'s motion to dismiss the Debtors' adversary proceeding seeking

the avoidance of CitiMortgage's lien on the Debtors' residence. For the following reasons, we affirm the decision of the bankruptcy court.[1]

## BACKGROUND

The facts are straightforward and uncontested. The Debtors filed a Chapter 13 bankruptcy petition on September 21, 2010. The deadline for filing timely proofs of claim was January 25, 2011, and CitiMortgage did not file its proof of claim until August 22, 2011, almost seven months late. CitiMortgage filed it as a secured claim in the amount of $210,596.66 and attached copies of a note and mortgage signed by the Debtors.

The Debtors objected to CitiMortgage's proof of claim on August 29, 2011, seeking its disallowance as an untimely filed claim. Notably, the Debtors' objection did not dispute the validity of CitiMortgage's lien or seek its avoidance. On November 18, 2011, the bankruptcy court entered an agreed order disallowing CitiMortgage's claim on the ground that it was filed after the bar date.

Shortly thereafter, on December 9, 2011, the Debtors filed an adversary proceeding seeking the avoidance of CitiMortgage's lien pursuant to § 506(d). CitiMortgage responded with a motion to dismiss the adversary proceeding. Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

The bankruptcy court held a hearing on CitiMortgage's motion on February 22, 2012, and took the matter under advisement. On April 30, 2012, the court granted CitiMortgage's motion and dismissed the adversary proceeding. The Debtors timely appealed.

## JURISDICTION

An order granting a motion to dismiss an adversary proceeding is a final order over which we have jurisdiction under 28 U.S.C. §158(b).

---

[1] The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern District of Arkansas.

## STANDARD OF REVIEW

We review *de novo* the bankruptcy court's order granting CitiMortgage's motion to dismiss.[2]

## DISCUSSION

The issue on appeal, as it was before the bankruptcy court, is whether a creditor's lien can be avoided under 11 U.S.C. § 506(d) solely on the ground that the creditor's proof of claim has been disallowed for being untimely filed.

Section 506(d) provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.[3]

The Debtors argue that CitiMortgage's lien is void under the plain language of § 506(d) because CitiMortgage's claim was disallowed for being untimely filed, which is not one of the specific exceptions to avoidance provided in § 506(d)(1) and (2).

The Debtors are not the first ones to have raised this argument, nor are we the first to note that the plain language of § 506(d) lends superficial support to the Debtors' argument.[4] However, all but one of the courts encountering this issue

---

[2] *See GAF Holdings, LLC v. Rinaldi* (*In re Farmland Industries, Inc.*), 448 B.R. 497 (B.A.P. 8th Cir. 2009).
[3] 11 U.S.C. § 506(d) (West 2012).
[4] *See e.g., In re Hamlett*, 322 F.3d 342 (4th Cir. 2003) ("Read literally and in isolation, this provision provides some support for Hamlett's argument. But established Supreme Court and circuit precedent render his argument untenable.").

3

(based on our research) have rejected this interpretation of § 506(d), holding instead that long-standing bankruptcy practice and Supreme Court precedent warrant looking beyond the plain language of the statute to hold that a creditor's lien cannot be avoided under § 506(d) solely because the claim has been disallowed for untimeliness.[5]

When statutory language is plain, "the sole function of the courts is to enforce it according to its terms;"[6] however, courts may depart from that plain language where the disposition required by the text is "absurd."[7] Applying the plain language of § 506(d) as the Debtors suggest here would produce an absurd result – namely, that a creditor who ignores a bankruptcy (*i.e.*, files no claim) would fare better than a creditor with a late-filed claim. As the Seventh Circuit Court of Appeals noted:

> The destruction of a lien is a disproportionately severe sanction for a default that can hurt only the defaulter. Once the deadline for filing claims had passed, Tarnow (the debtor) and his (other) creditors did not have to worry that still other creditors might pop up later and try to establish a claim on the assets of the bankrupt estate; any late-filing creditors would be time-barred. They did have to worry (unless late filings really do extinguish liens) that Tarnow's secured creditors might try to seize and sell the security; but we have seen that secured

---

[5] *See, e.g., In re Hamlett*, 322 F.3d at 348-349; *In re Tarnow*, 749 F.2d 464, 466 (7th Cir. 1984); *In re MacKenzie*, 314 B.R. 277, 280 (Bankr. N. H. 2004); *In re Fernwood Markets*, 76 B.R. 501, 504 (Bankr. E.D. Pa. 1987). *But see, In re Wise*, 41 B.R. 51, 52 (Bankr. W.D. La. 1984) (holding, without explanation or supporting citation, that the disallowance of a claim for untimeliness is grounds to void the creditor's lien under § 506(d)).
[6] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).
[7] *Id.*

creditors are allowed to ignore the bankruptcy proceeding without endangering their liens.[8]

The Fourth Circuit Court of Appeals echoed this interpretation of § 506(d), stating:

> This view comports with the 1984 amendment to § 506(d), adding § 506(d)(2), which clarifies that Congress did not intend for a perfectly valid lien to be extinguished any time a creditor's claim on the bankrupt estate is disallowed. Of course, that provision does not explicitly refer to claims that are disallowed merely because they were filed after the bar date. But we conclude, following the reasoning set forth in *Tarnow*, that the failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien. The contrary result, which [the debtor] seeks here, would lead to considerable inequity.[9]
>
> * * *
>
> Given the Supreme Court's holding in *Dewsnup*, that "liens pass through bankruptcy unaffected," even if § 506(d)(2) could be read to require the result [the debtor] seeks, adopting that interpretation would produce "a result demonstrably at odds with the intentions of its drafters."[10]

More pertinently, this interpretation of § 506(d) is consistent with and mandated by the Eighth Circuit Court of Appeals' decision in *In re Be-Mac Transport*,[11] which held that the lateness of an amendment to a claim, correcting the previously filed claim's mis-designation as an unsecured claim, is not a sufficient ground, by itself, to invalidate the lien securing that claim.[12] In reversing

---

[8] *In re Tarnow*, 749 F.2d at 465-66.
[9] *In re Hamlett*, 322 F.3d at 348-49.
[10] *Id*. at 350 (*quoting United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).
[11] 83 F.3d 1020 (8th Cir. 1996).
[12] *Id*. at 1025-28.

the lower court, which voided the creditor's (FDIC's) lien based solely on the untimeliness of the amendment, the Court of Appeals stated:

> At neither hearing did the bankruptcy court make factual findings or legal conclusions to show that the FDIC's lien was invalid. It instead denied the FDIC leave to file its proof of secured claim and allowed the FDIC to have only an unsecured claim based solely on the untimeliness of the filing. As the *Tarnow* court pointed out, "this ground of rejection does not call into question the validity of the lien." 749 F.2d at 465. The bankruptcy court therefore erred in disallowing the secured claim without first determining that the lien was invalid.[13]

Based on this precedent, we conclude that a secured creditor's lien cannot be avoided under § 506(d) based solely on the fact that the creditor's claim has been disallowed for untimeliness. Liens pass through bankruptcy unless avoided on their merits.[14] And here, the Debtors have not asserted, let alone proved, that CitiMortgage's lien is avoidable on any ground other than the untimeliness of CitiMortgage's proof of claim.

Finally, our conclusion is bolstered by 11 U.S.C. § 502(b)(9) and the context in which it was enacted. That section provides that a late-filed claim may be disallowed, but it says nothing about the effect of disallowance on the underlying lien. Section 502(b)(9) was added to the Bankruptcy Code as part of the Bankruptcy Reform Act of 1994, Public Law 103-934, for the specific purpose of overruling *In re Hausladen*,[15] which had held that untimeliness was not a basis for

---

[13] *Id*. at 1026-27.

[14] *In re Be-Mac Transport*, 83 F.3d at 1025. (citing *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992); *Long v. Bullard*, 117 U.S. 617, 620-21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886)). *See also In re Tarnow*, 749 F.2d at 466 ("One purpose of section 506(d)(1) is simply to codify the rule of *Long v. Bullard* - which previously had been purely a judge-made rule of bankruptcy law- permitting liens to pass through bankruptcy unaffected." (citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 357 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787).

[15] 146 BR. 557 (Bankr. D. Minn. 1992).

disallowing a claim.[16] Nothing in the text of the amendment or its legislative history suggests that it was intended to overturn the longstanding principle that a lien passes through bankruptcy unaffected unless avoided on its merits.

"When Congress amends the bankruptcy laws, it does not write on a clean slate."[17] And courts should be reluctant to interpret the Bankruptcy Code to effect a major change in pre-Code practice that is "not the subject of at least some discussion in the legislative history."[18] In the absence of such a clear directive, we are not inclined to permit a debtor to use § 506(d) as a vehicle to avoid a secured creditor's lien.

## CONCLUSION

For these reasons, the decision of the bankruptcy court is affirmed.

_____

---

[16] H.R. REP. 103-835, 48, 1994 U.S.C.C.A.N. 3340, 3357 ("The amendment to section 502(b) is designed to overrule *In re Hausladen*, 146 B.R. 557 (Bankr. D. Minn. 1992), and its progeny by disallowing claims that are not timely filed.").

[17] *Dewsnup v. Timm*, 502 U.S. 410, 419-420, 112 S.Ct. 773, 779 (1992).

[18] *Id*. *Dewsnup*'s interpretive directives are particular germane here inasmuch as *Dewsnup* was also examining § 506(d), albeit a different aspect of the statute (*i.e.*, the meaning of the phrase, "allowed secured claim.").